NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000444
28-JUN-2013
08:56 AM**

NO. CAAP-12-0000444

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, BY ITS DEPARTMENT OF HAWAIIAN
HOME LANDS, Plaintiff-Appellee, v.
CORWIN D.K. PEDRO and TINA L. KAHALEWAI PEDRO,
Pro Se Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIANAE DIVISION
(DC CIVIL NO. 1RC-12-1-1055)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Corwin D.K. Pedro and Tina L. Kahalewai Pedro (**Appellants**) timely appeal from the Judgment for Possession and Writ of Possession, both entered on March 22, 2012, by the District Court of the First Circuit, Waianae Division (**District Court**).[1]

On appeal, Appellants do not properly raise any points of error and their briefs otherwise fail to comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b) & (d). Nevertheless, Hawaiʻi's appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001) (citation and quotation marks omitted).

---

[1] The Honorable Hilary Benson Gangnes presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we address Appellants' appeal as follows:

It appears that Appellants are arguing that the title to the subject property is in issue. The record demonstrates, however, that Appellants failed to raise a title dispute as a defense to possession in this case. Under District Court Rules of Civil Procedure (DCRCP) Rule 12.1, defendants may raise a title dispute as a defense. DCRCP Rule 12.1 sets out requirements to prevent abuse of this defense. Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 36, 265 P.3d 1128, 1132 (2011). Rule 12.1 requires a defendant to provide an affidavit stating the "source, nature and extent of the title claimed by defendant" and "further particulars as shall fully apprise the court of the nature of defendant's claim." DCRCP Rule 12.1 (2012). The purpose of the affidavit is to provide the court with information to discern the interest claimed by the defendant. Peelua, 126 Hawai'i at 37, 265 P.3d at 1133. Bare assertions are insufficient to sustain a claim that title is at issue so as to divest the District Court's jurisdiction. Id. at 38, 265 P.3d at 1134. Here, Appellants failed to submit, at any time, an affidavit providing the particulars about the source, nature or extent of their claim to title. Accordingly, the District Court did not err in entering the Judgment for Possession and Writ of Possession.

For these reasons, the District Court's March 22, 2012 Judgment for Possession and Writ of Possession are affirmed.

DATED:   Honolulu, Hawai'i, June 28, 2013.

On the briefs:

Corwin D.K. Pedro
Tina L. Kahalewai Pedro
Pro Se Defendants-Appellants

Diane K. Taira
Craig Y. Iha
Matthew S. Dvonch
Deputy Attorneys General
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge